CAMERON AND JOHNSON V. NALL.

1. When a note is made for the purpose of being sold by the payee, at a greater discount than the legal rate of interest, and is sold to one who is ignorant of the purposes for which the note was made, the latter is not chargeable with u-sury; and although the note in his hands would be liable to be scaled to the a-mount paid for it, as having no other consideration to support it, yet if the parties subsequently give a new note, the defence arising out of the consideration can not be made, as it is equivalent to a new promise to pay, without disclosing the defect in the consideration.

Writ of error to the Circuit Court of Fayette county:

ACTION of debt on a promissory note, made by the plaintiffs in error, payable to D. M. Johnson, and by him assigned to the defendant in error. The defendants pleaded *nil debit* and usury, on which issues were joined and verdict for the plaintiff.

At the trial, the defendants gave evidence tending to show, that in April 1837, they and another person made a note for three hundred dollars, payable to D. M. Johnson, in December then next; for the purpose of being sold to the plaintiff, who purchased it, for two hundred and twenty-five dollars. There was no evidence that he knew the purpose for which the note was made. The note sued on, was given to take up the former note, and was payable in January, 1839.

On this state of facts, the defendants requested the Court to instruct the jury, if they believed the original note was made with the design stated, it was tainted with usury in the hands of the purchaser, although he was ignorant of the object for which it was made; and that the usury might be taken advantage by the defendants. These instructions were refused, and the jury was charged that the defendants could have no advantage if the purchaser was ignorant of the object for which the note was made.

PECK, for the plaintiff in error, cited Faris v. King, 1 Stewart, 255; Metcalf v. Watkins, 1 Porter, 57.

No counsel appeared for the defendant.

GOLDTHWAITE, J.—If the statute in relation to usurious interest, had remained unchanged, the cases cited would be conclusive to show that the original note was void, even in the hands of a *bona fide* holder; but such is not now the case, for the act of 1834, Aik. Dig. 655, provides that the note shall be void only *as to the interest.* This note was not, therefore, void in its inception, but it presents the case of a note made without any consideration moving from the payee to the makers; it was made for the purpose of being sold to the present holder of the substituted note, and if he had acquired it, with a knowledge of the intention, would have only been void for the excess above, the sum paid by him for it. It is probable that in this condition of things, the maker would have peen permitted to show, in defence, that the note had no other consideration to support it, than what was paid by Nall, and they would not be tolerated to conceal from him the fact that the note was without consideration, and afterwards insist on it as a defence.

He had a right to purchase the note, and after purchase, it could be avoided in his hands for any want or failure of consideration, unless the makers had concealed the fact, on his application to them for information. He afterwards applied to them for payment, as we must presume, and they gave a new note, due more than a year afterwards: Even then they make no claim of a defence. We think the new promise was a waiver of any defence, as to the original consideration, and it would be a fraud on the holder, to permit the defendants now to inquire into the defective consideration of the first note.

Let the judgment be affirmed.