Palmer, use, &c. v. Severance and Stewart.

----

## PALMER, USE, &c. v. SEVERANCE AND STEWART.

1. When a defendant is offered as a witness, to prove usury, he cannot be confined in his testimony to the instrument upon which the suit is brought, but may prove other transactions connected with it; as that other notes existed, which have been cancelled, the consideration of which entered into, and formed a part, of the note sued.
2. A promise by the maker, to an innocent holder of usurious paper, to pay it, if indulgence is given, is binding on him, and may be enforced, if the delay is given.

Error to the Circuit Court of Russell.

ASSUMPSIT by the plaintiff, against the defendant in error, on several promissory notes. The defence was, that the notes were usurious.

The defendants being examined as witnesses, the plaintiff objected to their proving any thing but the rate of interest, but the Court permitted them to prove the entire consideration, embracing payments made by them, before their notes were given, which

were but the renewal of other notes, given for borrowed money, to all which the plaintiff excepted.

There being proof conducing to show, that the first note of defendants, bought by plaintiff, was made for the purpose of obtaining a usurious loan, the plaintiff's counsel moved the Court, to charge, that if this note was purchased by plaintiff, without any knowledge of the purpose for which it was made, and without intent to violate the law against usury, plaintiff was entitled to recover the amount of said note, which charge the Court refused to give, and plaintiff excepted.

There was also proof conducing to shew, that one from whom the beneficial plaintiff bought the notes, after obtaining them, called on the defendants for payment—that defendants had previously objected to paying, on account of the usury, but on this occasion, told the holder of said notes, that if he would wait with him until the end of year, he would pay the note, and legal interest—that the holder did wait accordingly. Upon this proof, the plaintiff asked the Court to charge, that if the defendant had agreed with the nominal, or beneficial plaintiff, or the holder, from whom the notes were bought, upon consideration of time given, to pay the principal and legal interest, and time had accordingly been given, the plaintiff was entitled to recover the principal and legal interest ; which charge the Court refused to give, and the plaintiff excepted. The jury found for the plaintiff one dollar, for which the Court rendered judgment.

The errors assigned are, the matters of law arising out of the bill of exceptions.

HEYDENFELDT, for plaintiff in error, submitted the cause, and cited Clay's Dig. 590 ; 3 Ala. Rep. 158 ; 2 Taunton, 184.

ORMOND, J.—When the defendant is offered as a witness, under the statute to prove usury, he is competent to prove any fact which tends to establish the usury. He cannot be confined in his testimony, to the instrument upon which the suit is brought, but may prove other transactions connected with it; as that other notes existed, which have been cancelled, and the consideration of which entered into, and formed a part of the note sued upon.

From the ambiguous manner in which the facts are stated in the bill of exceptions, we are at some loss to know, what the

point was, intended to be raised by the first charge. Presuming the fact to be, that the plaintiff acquired the note without knowledge of the usury, and that the defendants executed another note in *lieu* of it, the case of Cameron and Johnson v. Nall, 3 Ala. Rep. 158, is an authority in point, to show, that the substituted note, would not be affected by the original usurious consideration, but that the principal, and legal interest, might be recovered.

So in regard to the facts upon which the last charge of the Court is prayed. Understanding the bill of exceptions to state, that the promise of the defendant to pay principal and interest, if the holder would wait until the end of the year, was made to one who had acquired the note, by purchase, or otherwise, and not to the original payee, the delay would be a sufficient consideration to entitle the holder to recover; as he might thereby lose his recourse upon the person from whom he obtained the note.

Such a promise, made to the person with whom the usurious contract was made, would not be binding on the promissor, as it would be without consideration.

From the interpretation we put upon the bill of exceptions, the Court erred in both the charges given to the jury, and its judgment is therefore reversed and the cause remanded.