## GEE v. BACON.

1. The bank notes of the Pennsylvania Bank of the U. S., cannot be set off to a note sued upon by the trustees of the Bank, to whom it had been assigned for the payment of its creditors.

2. G. having large transactions with the Penn. B. U. S. by borrowing money, made a settlement with an agent of the Bank, and discharged the principle, and for the payment of usurious interest, transferred notes on three persons, and executed a guaranty for their payment. These notes were by the Bank transferred to trustees, for the payment of creditors, and B, as the agent of the trustees, reduced the notes to judgment. G then made an agreement with B, by which he obtained the control of the judgments, and took up his guaranty, and executed his own note for the amount due, B being ignorant of the usury—Held, that there was a sufficient consideration for the note, and that it was not affected by the usury in the original contract.

Error to the Circuit Court of Wilcox.

Assumpsit by the defendant in error, against the plaintiff in error, on a promissory note made by him, for $7,226 20. payable to his own order. The plaintiff alledged an indorsement, and declared upon it in the usual mode. The defendant pleaded *non assumpsit*, want of consideration, and a special plea, that the promissory note sued on, was given for the loan and forbearance of $20,000, for the space of twelve months, and that the whole amount specified in said note, is interest given for the loan and forbearance of the said sum of money for twelve months, which exceeds the rate of eight per cent per annum; whereby and by force of the statute, &c., the said note became, and was wholly void, &c.; and for further plea, *actio non*, &c. because he says, the Pennsylvania Bank of the United States, is the real party in interest in this suit, and the present plaintiffs sue on this note, as the mere trustees, and assignees of said Bank, without interest. They have never given any consideration for said note, and have no interest in this suit, or in the recovery expected, ex-

cept as such trustees; and that said Bank, before and at the time of the commencement of this suit, to wit, at the county aforesaid, was, and still is, indebted to him, the said defendant, in the sum of ten thousand dollars, for so much money by said bank had and received, to and for the use of said defendant, and also, for divers goods, wares, &c., notes, bills of exchange, sold and delivered by said defendant to said bank, at its request; and for money advanced, &c. &c. which sums of money, so due and owing from said bank to said defendant exceeds the damages sustained by plaintiffs, by reason of the non-performance by him, said defendant, of said promise, &c. out of which said sum of money, said defendant is ready, and offers to set off and allow to said plaintiffs, the full amount of said damages, &c.

The plaintiff took issue on the three first pleas, and demurred to the plea of set off, and his demurrer was sustained by the court.

Upon the trial of the issues, as appears from a bill of exceptions, it was in evidence, that one George Poe, acting as the agent of the bank, had lent to defendant various sums of money, at a usurious rate of interest. That on a settlement of these matters, the defendant paid Poe in money, and in his note of $2000, all of the principal, interest and exchange due on account of the money borrowed, leaving a balance of about $6000, which was understood [as constituting the usurious interest, contracted for in these transactions. For this balance, defendant assigned over to Poe, as collateral security therefor, sundry notes, and gave at the same time a guaranty for their payment.

After this last transaction, Poe ceased to be the agent of the Bank, and the notes and the guaranty were assigned by the bank to the present plaintiffs as trustees, and one Barney succeeded Poe as agent, and was also agent of the trustees. The notes so transferred by the defendant were put in suit, and judgment obtained thereon, and an agreement was then made between Barney and the defendant, that the latter should take up his guaranty, and give his note for the amount of the notes so in judgment, and the interest thereon, and have the use and control of the judgments, and the money to be collected thereon. The note sued on, was

executed to carry this contract into effect. In all these arrangements, Barney was acting as the agent of the trustees.

The court charged the jury, that if the facts were as above stated, the defendant could not now set up usury as a defence to this action, unless he also showed, that at the time of the last mentioned transaction, Barney was informed, or notified of the fact, that the notes had been transferred, or the guaranty given, for a usurious consideration. To this charge the defendant excepted.

The errors assigned are the sustaining the demurrer to the plea of set off, and the charge given to the jury.

EDWARDS, for plaintiff in error. The plea of set off, was a good one. The English courts, looking at the real parties to the cause, have always allowed off sets against the person in interest. [Bab. on Set Off, 60.] Such is also the law of this court, (6 Ala. Rep. 343,) and such is now the rule of decision in New York. [13 Johns. Rep. 9; 5 Wend. 342.]

The $6,000 was clearly usurious, and if it had been paid, could have been recovered back. [15 Mass. 96; 6 Johns. C. C. 95.] This money was the sole consideration of the note in suit, which is but a substitute for it. [1 Porter, 94; Chitty on Bills, 109; 1 Peters, 43.]

The present plaintiffs are the mere representatives of the Bank, being naked trustees without an interest, and having paid no valuable consideration, and are therefore affected by the same considerations which would operate on the Bank.

PECK, contra. If the set off pleaded in this case be allowed, it must be in virtue of our statute of set off. That statute allows mutual debts to be set off, and none others. A set off is in the nature of a cross action, (5 Ala. Rep. 367,) and therefore cannot be pleaded, unless the party could maintain an action upon it in his own name.

There are exceptions to this rule. Such was the case of Bowen v. Snell, at this term. That was the case of a fraudulent device to prevent the off set. In this case, the defendant could not have brought an action against the plaintiffs in error, upon the set off, nor was the action brought in the name of a simulated plaintiff, for the purpose of defeating

the right of set off. The execution of the note is evidence of a final settlement up to that time, and the legal presumption must be, that the set off has been acquired since—and after the right to the note in suit had vested in the trustees of the Bank.

As to the question of usury, there is no evidence that the Bank had any knowledge of the usury committed by its agent, Poe, it cannot therefore be made available to defeat this action, because a corrupt agreement is absolutely necessary to constitute the offence. [2 Cow. 712.]

Again, the settlement made with Poe, and the assignment of the notes, with the plaintiff's guarantee, and the subsequent assignment of these securities by the bank to these defendants as trustees for the benefit of its creditors—the subsequent agreement by the plaintiff in error with Barney, by which he obtained the judgments, and his guaranty, without disclosing to him the fact of the usury, and gave the present note, must defeat the plea of usury—first, because the settlement with Poe, amounted to a payment of the usury. Second, because the recovery upon the judgments, entitled the defendants in error to receive the money, in spite of any opposition which the plaintiff could make. The transfer of these judgments, was therefore a sufficient consideration for the note. Third, because the execution of the note, under the circumstances, was a waiver of the usury. [20 Johns. 287.]

The defendants in error, are not in the same condition the Bank would be in. They represent the creditors of the Bank. The case is entirely analagous to Cameron & Johnson v. Nall, 3 Ala. Rep. 158, where it was held that the execution of a new note to a third person, prevented the defence of usury.

ORMOND, J.—The set-off attempted to be made in this case, was properly rejected by the court. A set-off is in the nature of a cross action, and can only be made by one, who can maintain an action thereon in his own name, against the party whose debt it is proposed to extinguish by the set-off. The debt sued on, and the debts proposed to be set-off, are not due in the same right. The bank notes, entitle the hold-

er to a suit against the Pennsylvania B. of the U. S., whilst the note in suit, is given to, and is sued upon, by third persons. They are, it is true, alledged to be mere trustees, and assignees of the Bank, but as such they do not necessarily represent the interest of the Bank. If we cannot judicially notice, that the bank has gone into liquidation, and its assets placed in the hands of trustees for the benefit of its creditors, the admission of the plea, that the bank has made an assignment, raises the presumption that the assigned property is held for the benefit of others.

The case of Bowen v. Snell, at the present term, is wholly unlike this case. That was an attempt to defeat the set-off by a simulated suit, by placing one upon the record as the beneficial plaintiff, who had no interest in the matter. This we held to be a fraud upon the statute, and permitted the off-set to be made against the party really interested. Here the bank is not the party really interested ; the true interest is in those who are represented by the assignees of the bank, and against them it is clear these bank notes are not a good set-off.

The charge of the court upon the question of usury, is equally free from error. A promise on sufficient consideration, to an innocent holder of a usurious security, is a waiver of the usury. [Cameron & Johnson v. Nall, 3 Ala. 158.] It appears, that the plaintiff in error had made a settlement with Poe, the former agent of the bank, and had paid off the usury by transferring to him notes on third persons, with a guaranty of their solvency. Poe ceased to be agent, and the notes so transferred, were reduced to judgment by Barney, the agent of the assignees of the bank. An agreement was then made by Barney, as agent of the assignees, and the plaintiff in error, by which the latter obtained the control of the judgments, and extinguished his guaranty, and in consideration thereof, executed the note now in suit : Barney, as it appears, being ignorant of the usury affecting the original transaction. It is obvious, that the plaintiff in error could not have interfered to prevent the assignees from collecting the judgments they had recovered on the assigned notes ; their transfer therefore to him, was a sufficient consideration for

the note executed by him, and cannot be impugned in their hands, because of the taint of the original transaction, to which they were not privy, and of which it appears they were ignorant, when they yielded up the judgments they had recovered. This brings the case fully within the principle settled in Cameron & Johnson v. Nall, *supra.* To permit this defence now to be made, would be a fraud upon the assignees.

Let the judgment be affirmed.