## SWINNEY & PALMER vs. DORMAN.

1. When defendant is offered as a witness (under the statute) to sustain his plea of usury, he is not confined in his testimony to the note on which the suit is founded, but may detail the history of the whole transaction,—beginning with the original usurious contract, showing the payments on cancelled notes, the taking of new notes for the balance, &c.
2. A general motion to exclude a party's answers to interrogatories exhibited to him under the statute, " on the ground that they are evasive, irresponsive, and contain improper matter," when some of them are full and correctly made, should be overruled.
3. When money is borrowed by two jointly, but for the benefit of one, and a joint note given by them, on which they are both sued, either one is a competent witness under the statute to prove usury.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. NAT. COOK.

ASSUMPSIT by Wiley Dorman against the appellants, on a joint and several promissory note for $578 18, dated the 28th December, 1849, and payable one day after date to said Dorman or bearer, for value received. The defendants pleaded usury, and several other pleas which it is unnecessary to notice. Interrogatories were exhibited to the plaintiff, on the affidavit of the defendant Swinney ; and when the cause was called for trial, " before the parties had announced themselves ready, defendants moved to reject the plaintiff's answers to said interrogatories, on the ground that they were evasive, irresponsive, and contained improper matter, and for objections appearing on the face of said answers, and to require plaintiff

to answer over again ; which motion the court overruled, and held the answers to be a substantial compliance with the statute, and that irresponsive and irrelevant matter might be stricken out : to which ruling of the court the defendants excepted."

The defendants served the plaintiff with notice of the facts to which they proposed to swear, but the plaintiff declined to controvert their statement on oath. " On the trial, the defendants' counsel proposed to (put) Wm. W. Palmer, one of the defendants, on the stand, as a witness to prove the plea of usury ; but it being admitted that, although said Palmer was jointly bound with the other defendant, and had been jointly bound with him since the debt was first created, yet the debt was for money borrowed by and for the use and benefit of the other defendant (Swinney) alone, and that he received all the original consideration, and that said Palmer was merely security on the debt,—plaintiff objected to his being sworn as a witness ; which objection was sustained by the court, and the defendants excepted."

"The defendant Swinney, being then introduced as a witness to prove the usurious consideration of said note, testified, among other things, that said note was given to extend a debt evidenced by certain other notes, which he produced, and which had various credits endorsed on them. Defendants' counsel asked him, if there had been any payments made to plaintiff which were not endorsed on said notes ; to which question plaintiff objected, his objection was sustained, and the defendants excepted ; the court ruling, that, although defendant was a competent witness to prove that usurious interest was included in the note sued on, yet he was not a competent witness to prove payments on the original indebtedness for which the note in suit was given ; to which ruling of the court defendants excepted."

These rulings of the court are now assigned for error.

RICHARDS & FALKNER, for appellants :

Dorman's answers should have been rejected, and he should have been required to answer over, because his answers were irresponsive, evasive, indefinite, and not such as the questions propounded to him were calculated to elicit.—Clay's Digest,

p. 341, § 160 ; Saltmarsh v. Bower & Co., 22 Ala. R. 221 ;
Pritchett v. Munroe, *ib.* 501 ; Lake v. Gilchrist, 7 *ib.* 955 ;
Lady Ormond v. Hutchinson, 13 Vesey 53 ; Branch Bank v.
Parker, 5 Ala. 731.

William W. Palmer, being a joint maker of the note with
defendant Swinney, and a defendant to the suit, was a compe-
tent witness.—Clay's Digest, p. 590, §§ 4, 5 ; Gray's Ex'r v.
Brown, 22 Ala. 262, 273.

The statute above cited shows that the maker or makers,
obligor or obligors, are competent to prove the usury ; and in
proving this, where partial payments have been made, it is
necessary, in determining the amount of usury, to prove the
amounts of payments made ; and if the maker or obligor can-
not do this, the objects of the statute, in most cases, will be
defeated. Where a witness is made competent for one pur-
pose, and is put on the stand, he is competent to prove all the
facts necessary to establish the fact which he is competent to
prove.—Palmer v. Severance, 8 Ala. 53, which is conclusive
as to the right to prove the payments.

William W. Palmer has been one of the obligors all the
time, was a party to the suit, was jointly liable with the other
defendant, and was therefore a competent witness. In this
respect, the case differs from that of Paul v. Meek, 6 Ala. R.
753, and is clearly distinguishable from it.—Jackson v. Jones,
13 Ala. 121, 127.

ALLISON & BARNES, *contra :*

Plaintiffs should have pointed out some specific objections
to the answers to the interrogatories : the objections were
too general and indefinite.—Wallis v. Rhea & Ross, 10 Ala.
451 ; Milton v. Rowland, 11 *ib.* 732, 738 ; Melton v. Trout-
man, 15 *ib.* 535.

The record shows that the action was instituted on the 18th
of February, 1852, and that Palmer was not the borrower,
nor a party to the contract : he was, therefore, an incompetent
witness.—Clay's Digest, p. 590, § 5 ; Paul v. Meek, 6 Ala.
753 ; Jackson v. Jones, 13 *ib.* 121 ; Code, § 12.

Swinney was incompetent to make the proof desired, as
shown by the record, because the facts desired to be proved
by him were not stated in the statement of the facts offered

to be proved by him.—Clay's Digest, p. 590, § 5 ; Jackson v. Jones, *supra.*

The record ought to show the terms used in propounding the question to Swinney, to enable this court to say whether the question was legal or illegal.—Melton v. Troutman, 15 Ala. 535 ; Stone v. Stone, 1 *ib.* 582 ; *ib.* 517. If what was asked Swinney, as shown by the record, was the question objected to, then it was illegal.—1 Greenl. Ev. § 434.

CHILTON, C. J.—The circuit judge committed an error in refusing to allow the defendants, as a means of making out their plea of usury, to prove that payments had been made upon the notes which were cancelled when the note sued on was executed, these cancelled notes forming the consideration of the one in suit. The rule established by this court in Palmer v. Severance, 8 Ala. 53, allows the defendant, when offered as a witness to prove usury, to go on and prove any fact which tends to establish the usury. He is not confined to the note in suit, but may go behind it, and show other transactions connected with it ; as that the original debt was for such a sum,—that so much was paid, and new notes given for the residue, and so trace the transactions down to the note declared on. Were the law otherwise, the statute, in many cases, would fail of its object. This was done in the case just cited ; for the statement shows that the Circuit Court permitted the defendants "to prove the entire consideration, embracing payments made by them before their notes were given, which were but the renewal of other notes given for borrowed money ;" and the correctness of this ruling was substantially affirmed by the decision of this court.—See, also, 6 Ala. 753 ; 13 *ib.* 127.

2. The defendants below moved to reject the answer of the plaintiff made to interrogatories exhibited to him under the statute. The grounds of the motion were, that the answers were evasive, irresponsive, and contained improper matter.— The objection, it will be observed, goes to the whole answer, and nothing specific is shown as a reason for holding all or any of the answers insufficient. We have often decided, in respect of depositions, that the court was not bound to regard vague and general objections, devolving upon it the duty of

Swinney & Palmer v. Dorman.

sifting the whole deposition to ascertain what particular portions should be excluded. The counsel must specify the answers excepted to, and the particular ground of objection.— A motion to exclude the whole of the answers, when a portion of them are full and correctly made, should be overruled.

3. We are of opinion, that the court also erred in refusing to permit the defendant Palmer to prove the usury in the transaction. The bill of exceptions states, that he had been jointly bound with the other defendant for the debt since its first creation ; that is, as we understand the bill of exceptions, Palmer was an original party with his co-defendant Swinney to the usurious transaction, and they both borrowed the money for the benefit of Swinney. The fact that as between the defendants themselves one occupies the relation of principal to the other, cannot prevent the other, when sued, from proving the usury under the statute. He is a party to the usurious bond or contract, and as such comes within the letter as well as the spirit of the statute.—Clay's Digest, p. 590, § 5. In the case of Paul v. Meek, 6 Ala. 753, the defendant was the *endorser*, and was held not to be a competent witness, as he was not a party to the original undertaking. The drawer of the bill, it was said, was, after being released, a competent witness ; and the case was supposed not to fall within the mischief intended to be remedied by the statute. It is clear that that case does not at all conflict with the views here expressed. Here, two parties borrow money, or negotiate upon usury for the benefit of one. They are both parties to the contract, and competent to prove the usury under the statute.

Let the judgment be reversed, and the cause remanded.