# Sullivan *et al.* Ex'rs, *v.* Conway.

## *Detinue for Timber.*

1. *Estoppel by admission en pais.*—A parol admission can not create a title, but is, at most, only evidence of title; and therefore, where plaintiff sues in detinue for timber cut and carried away by defendant, a verbal admission by defendant that the timber was cut from plaintiff's land, whereby plaintiff was induced to bring the action, does not estop the defendant from denying the fact as admitted.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

The only point reserved, and the evidence relating thereto, are set forth in the opinion.

JAMES M. DAVIDSON, and STALLWORTH & BURNETT, for appellants, cited, on the question of estoppel, *Hall v. White*, 3 C. & P. 136; *Caldwell v. Smith*, 77 Ala. 157; *Grace v. McKissack*, 49 *Ib.* 163; *Hendrick v. Kelly*, 64 *Ib.* 388; *Prickett & Maddox v. Sibert, Adm'r*, 75 *Ib.* 315; 2 Wait's A. & D. 533; Bigelow on Estoppel, 620, *et seq.*; Herman on Estoppel, section 733, *et seq.*

FARNHAM & RABB, *contra*, cited *Gamble v. Gamble's Adm'r*, 11 Ala. 966; *Cunningham v. Milner*, 56 *Ib.* 522; Bigelow on Estoppel, pages 559, 592, 610; *Steele v. Adams*, 21 Ala. 534; *Commonweath v. Molts*, 10 Barr's R. 127.

STONE, C. J.—The plaintiff bases his right of recovery in this suit, on the following asserted facts : That plaintiff's intestate was the owner and in possession of section 19, township 2, range 7 ; that certain trees had been felled on said land without authority of the owner, had been converted into hewn timber, and that the timber so hewn was in the possession of, and claimed by defendant, when this suit was brought. The testimony which raises the single question presented by this record was given by Sowell, plaintiff's agent, and Conway, the defendant. They differed very materially in their statements as to the particular land from which the timber had been cut; Sowell testifying that Conway admitted to him that " he had gotten the timber cut and taken from the said land, to-wit—Sec. 19, T. 2, R.

7—and that if it was Sullivan's (intestate) land, he was willing to pay for the timber." He further testified that he thereupon instituted this suit for the recovery of said hewn timber. Conway denied making the admission that the timber was cut from section 19, and testified it was cut from section 30, which adjoins section 19 on the south. So that the contested issue on which plaintiff's right of recovery depended, so far as this record informs us, was, whether the timber was cut from section 19. Unless it was shown to have been so cut, plaintiff showed no right of recovery. On this state of the proof, plaintiff asked that the following written instruction be given to the jury : "If the jury believe from the evidence that the defendant told plaintiff's agent, Sowell, that he cut the timber sued for from the land in question, and thereby induced the bringing of this suit, he is estopped from denying on this trial that the timber was cut from said land." This charge was refused, and its refusal presents the sole question in this cause.

If there is an estoppel in this case, it is what is known in the law as estoppel *in pais;* or, perhaps, in accurate phrase, as applied to this case, "estoppel by misrepresentation and negligence." The general rule in such cases is stated as follows : " Where a man by his words or conduct wilfully or by negligence causes another to believe in the existence of a certain state of things, and induces him to act on that belief so as to alter his own previous position, the former is concluded from denying the existence of that state of facts."—Rapelje & Lawrence, Law Dictionary.

Estoppels of this class are usually disabling, and are invoked to preclude some defense set up. They never create title in the person in whose favor they operate, although when attended or followed by a change of relation of the parties based on them, they sometimes supply sufficient evidence of ownership to maintain an action between the parties themselves. This is the case when one accepts a lease or possession under another, and has not been evicted. In such case the estoppel is not the result of the mere verbal admission of the terre-tenant, that the property belongs to the other. It grows out of the changed relation of the parties, wrought by a letting on the one side and the acceptance of a lease and possession on the other. This, as between themselves, constitutes them lessor and lessee, with all the rights and liabilities which those terms imply; not that such admission arms the lessor with a title. It simply closes the mouth of the tenant to gainsay his title.— *Houston v. Farris,* 71 Ala. 570; s. c., 74 Ala. 162; and there

are other kindred cases involving the same principle, and governed by the same rule.

There are cases in which it is held that a party may, by his admissions and conduct, render himself liable to an action, when, without such admission, no action could be successfully prosecuted against him. A familiar illustration of this principle was presented in the case of *Hall v. White*, 3 C. & P. 136. That was an action of detinue for the recovery of title deeds, and no question was raised as to the plaintiff's right to the possession of the deeds. Defendant sought to defend on the ground that he did not have actual possession of the deeds when the action was brought. In an unsuccessful negotiatioin preceding the suit, defendant had admitted he had possession of the deeds. The case was before Best, C. J. In charging the jury he said : "If the defendant said that he had the deeds, and thereby induced the plaintiffs to bring their action against him, I shall hold that they may recover against him, although the assertion was a fraud on his-part." It is manifest that in this case, although the defendant may not have had the actual custody of the deeds, they were subject to his control, and he would have no difficuty in surrendering them.

If the present case had hinged on the inquiry whether Conway had the possession of the pieces of timber sued for, and not on plaintiff's ownership of the timber, then *Hall v. White*, would probably have been an authority for giving the charge requested. It did not, however, depend, on that inquiry. The real contention was as to the ownership of the timber. If the charge had been given, and if the jury believed Conway made the admission which Sowell testified he had made, then it would have been the duty of the jury to render their verdict for the plaintiff, even if the testimony convinced them the timber was cut from lands to which Sullivan had no claim. As we have said, parol admissions can not create a title. They are, at most, evidence of title, to be weighed by the jury with the other testimony.— *Cunningham v. Miller*, 56 Ala. 522.

*Hill v. Huckabee*, 70 Ala. 183, and *Caldwell v. Smith*, 77 Ala. 157, are materially different from this case, and depend on entirely different principles. The Circuit Court did not err in refusing to give the charge asked.

Affirmed.