# Prouty *v.* Alabama Great Southern Railway Co., *et al.*

## Bill to Enjoin Nuisance, and for Damage.

### (Decided Dec. 19, 1911. 56 South. 980.)

1. *Appeal and Error; Finding of Register; Conclusiveness.*—The finding of the register as to damages on conflicting evidence has all the force of a verdict, and a decree of the chancellor affirming the finding of the register will not be reversed on appeal unless the facts would require the setting aside of a verdict.

2. *Tenancy in Common; At Will; Creation.*—Where a tenant in common is in the exclusive possession of the premises by the consent of the co-tenants, who have verbally agreed to convey their parts to such tenant, a tenancy at will terminable at any time within ten years, at the pleasure of the co-tenant is created.

3. *Same; Private Nuisance; Right to Sue.*—A tenant in common in possession exclusively of the premises by and with the consent of the co-tenants, who have verbally agreed to convey to the tenant in possession, has no such interest in the portion of the co-tenants as gives any right to damages for permanent injury to the premises occasioned by a nuisance.

4. *Action; Rights Acquired After Commencement.*—Recovery by a tenant in common for a nuisance affecting the common or joint property is restricted to his ownership at the time of the commencement of the action, and cannot be enlarged by the subsequent acquisition of other interests.

5. *Assignments; Injury Action; Personal.*—A right of action for a permanent injury caused by a nuisance is personal, and cannot be assigned by conveying the land to another; hence, the purchaser may not recover damages for such injuries acquired prior to his purchase.

6. *Judgment; Res Judicata; Demurrer.*—Where the action was for injunctive relief against a nuisance and for damages, brought by one owning an undivided interest in the premises injured, the overruling of demurrer based upon the ground that complainant had failed to make the co-tenants parties, has no other effect than to affirm complainant's right to sue regardless of the quantum of his interest, or recoverable damages, and the decree does not determine the right of the complainant to recover damages to the entire property.

7. *Reference; Order; Nullification.*—An order of reference to ascertain the amount of damages sustained by a complainant on account of a nuisance is subject to modification or correction on final decree, and is not decisive on the quantum of the final award.

[Prouty v. Alabama Great Southern Railway Co., et al.]

APPEAL from Etowah Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Fannie A. Prouty against the Alabama Great Southern Railway Company, and others, to abate a nuisance, and for damages. From a judgment granting insufficient relief, complainant appeals. Affirmed.

SAM WILL JOHN, for appellant. After the agreement of the co-tenant to convey, and after putting complainant in possession under that agreement, the grantor ceased to have any right therein.—*Smith v. Price,* 42 Ill. 399; *Mistress v. Cress,* 5 Pa. St. 118; *Boswell v. Carlisle,* 70 Ala. 247; 2 Greenl. secs. 613, 616 and 618; Cooley on Torts, 383, 384, 667 and 668. The possession of complainant was prima facie evidence of seizin in fee simple.—*Higdon v. Kennemer,* 120 Ala. 198; 1 Greenl. 152. The former appeals settle the question on the decrees on demurrer, and all questions of importance in the case.—149 Ala. 75.

GOODHUE & BLACKWOOD, for appellee. The estate created in Mrs. Prouty was that of tenancy at will as to the interest of the other co-tenants revocable at any time within ten years.—*Collins v. Johnson,* 57 Ala. 307. Hence, she did not have such interest as would authorize her to recover damages to the whole property. The subsequent conveyances to her did not vest her with such an interest.—*Dean v. Metropolitan E. Ry. Co.,* 23 N. E. 1057; *Evans v. Savannah Western,* 90 Ala. 59; *Hood v. So. Ry.,* 133 Ala. 376 *S. & N. R. R. Co. v. A. G. S. R. R. Co.,* 102 Ala. 240. The right of action is personal and cannot be assigned.—29 Cyc. 1258. Plaintiff cannot rely on a claim acquired after the commencement of an action.—1 Cyc. 744. If the plaintiff has suf-

fered any injury at all it is speculative, contingent and remote, and therefore, not recoverable.—*Lewis v. Collier,* 47 South. 790; *So. Ry. v. Coleman,* 44 South. 837.

SOMERVILLE, J.—Appellant filed her bill for injunctive relief against an alleged nuisance created by respondents as a result of the manner in which certain railroad embankments were constructed and maintaind by them, and for compensation for the damage suffered. The nuisance complained of consisted in the periodic overflow of complainant's lands by the waters of a creek, by which valuable springs were choked up, fouled, and rendered unfit for use. This is the second appeal to this court; the first being reported in *A. G. S. R. R. Co. et al. v. Prouty,* 149 Ala. 71, 43 South. 352, where a summary of the facts will be found.

Only two questions are now presented for consideration, both of which relate to the amount of damages which complainant was entitled to recover.

The register, upon a reference for the purpose, reported that a sulphur spring on one of the overflowed tracts was practically destroyed so far as its valuable use was concerned, and fixed the resulting permanent injury to the land at $1,500. The complainant excepted to this finding, insisting that the actual damage, as shown by the evidence, was not less than $6,000. Numerous witnesses were examined, and a large mass of testimony taken, before the register upon this issue. We have considered the evidence with much care, but it would avail nothing to present a detailed review of it in this opinion. The decision of the register upon such an inquiry, material facts being in dispute and the evidence being in substantial conflict, has the force and effect of the verdict of a jury; and a decree confirming it will not be reversed unless the facts would require a

trial court to grant a motion to set aside a verdict of a jury and order a new trial.—*Pollard v. Am. Mort. Co.,* 139 Ala. 183, 35 South. 767; *McQueen v. Whetstone,* 127 Ala. 418, 30 South. 548. Hence, however the evidence might preponderate in the present case, this finding of the register is amply supported by the evidence within the operation of the rule stated, and its confirmation by the decree of the trial court will not be disturbed on appeal.

2. The chancellor, in his final decree, limited complainant's recovery to one-fifth of the damages assessed by the register; his theory being that when complainant filed her bill she owned only an undivided one-fifth interest in the damaged property, and that the recovery should be limited accordingly, regardless of her subsequent acquisition of the entire title.

The bill as amended alleges, as to complainant's ownership of the overflowed premises, that she "has and owns all except one undivided fifth interest, which undivided interest she had contracted for, and been put in possession thereof, under said contract, and has ever since held said possession."

This sulphur springs property originally belonged to complainant's father who died intestate, leaving five children, including complainant, who inherited in equal part.

In her first deposition the complainant says: "I have no regular deeds to the (other) four-fifths interest in the sulphur spring. My brothers gave me their interest some five years ago. * * * I never had any deed at all to any of the interests except the Casey interest, which was made since the commencement of this suit." A year or two later she testified again: "At the time this bill was filed, and for some time before it, I had sole control and possession of that sulphur spring. This

was under an agreement with my brothers and sisters. This was afterwards carried out by their conveying to me their interest in the sulphur spring lot, except my Brother Thomas Edwards died before making his deed."

It thus appears that complainant was in exclusive possession of the spring property by the consent of her cotenants, who had verbally agreed to give her their interests therein. Such an agreement created, as to their interests, no more than a tenancy at will, terminable at any time within 10 years at the pleasure of the donors. —*Collins v. Johnson,* 57 Ala. 307.

Manifestly, it was not such an interest, as to their portion, as could give her any right to damages for permanent injury thereto by a mere nuisance, as distinguished from injury to the right of possession and enjoyment alone.

While the title remained in this condition, the right to damages for permanent injury to the freehold was a joint right, and not a right inuring to the tenant in possession only.

As the complainant owned only a one-fifth interest at the time her bill was filed, her ultimate right of recovery must be restricted in accordance with her ownership at that time, and cannot be enlarged by the subsequent acquisition of other interests.—*Dean v. Met. Elec. Ry. Co.,* 119 N. Y. 540, 23 N. E. 1054; 1 Cyc. 744.

Again, it does not appear that the damage to the sulphur spring property was suffered. after the enlargement of complainant's interest by title acquired from her co-tenants. "The claim for damages, and of title to land, may be distinct. Damages for taking, and the injury to the land, belong to the owner at the time of the injury, and do not pass to the subsequent vendee. The owner alone can take advantage of a claim for damages, and, if he does not claim his subsequent vendee cannot."

—*Evans v. S. & W. Ry. Co.*, 90 Ala. 59, 7 South. 759; *Hood v. Southern Ry. Co.*, 133 Ala. 376, 31 South. 937; *S. & N. R. R. Co. v. A. G. S. R. R. Co.*, 102 Ala. 240, 14 South. 747. The general rule, in case of injury by a nuisance, is thus stated: "The right of action for permanent injuries caused by a nuisance is personal and cannot be assigned by deeding the land to another, and hence a purchaser cannot recover damages for injuries occasioned prior to his purchase."—29 Cyc. 1258.

In view of these principles, we cannot escape the conclusion that complainant's damages were properly limited to one-fifth of the whole amount assessed by the register.

3. It is insisted for complainant that the decree was nevertheless erroneous, because her right to all the damages had already been determined so as to constitute a res judicata against the appellees. This claim is founded upon the overruling of demurrers to the bill of complaint; one ground of demurrer being that the bill showed on its face that complainant owned only an undivided interest in the property, and failed to make the other owners parties thereto. Clearly, the effect of this objection was merely to challenge the right of one tenant in common in possession to maintain such a bill as was here filed, and the ruling on this ground of demurrer did no more than to affirm her right to do so, regardless of the quantum of her interest or recoverable damages. Or, adopting complainant's point of view, that the allegations of the bill showed complainant's complete ownership of and title to the whole of the property, this ground of demurrer was properly overruled because contradicted by the bill itself. In either case, the ruling cannot be considered as an adjudication of complainant's right to all the damages assessed for the entire property. This was a matter of evidence.

[Deming v. Lee, et al.]

Nor can the original decree of the chancellor ordering a reference to ascertain "the amount of damage sustained by complainant by the overflowing or drowning of her sulphur spring" be referable to other than her actual interest therein at the commencement of her suit. But, whatever the chancellor had in mind, it was but an order of reference, subject to correction or modification on final decree, and in no sense decisive of the quantum of complainant's final award.—*Cochrane v. Miller,* 74 Ala. 50, 63.

The decree of the chancery court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.