# Schloss Brothers & Co. *v.* Gibson Dry Goods Co.

## *Assumpsit.*

### (Decided December 19, 1912.  60 South. 436.)

1. *Principal and Agent; Notice to Agent; Effect.*—Notice or knowledge of an agent acquired while acting in the scope of his employment, is notice to the principal.

2. *Same; Delegation of Authority; Sug-Agent.*—Where the employment of an agent is such as to necessarily imply that a sub-agent is to be employed, the principal is bound by the acts of the sub-agent done within the scope of his employment or agency, and hence, the principal is chargable with knowledge acquired by the sub-agent while so acting.

3. *Same.*—The authority given an agent includes all the necessary and usual means of properly executing the agency, and a sub-agent, whose appointment is made necessary by the nature of the transaction for which the agent is employed would also be an agent of the principal.

4. *Same; Authority of Sub-Agent.*—Where the seller of goods placed the account against the buyer, whose residence and place of business was in Alabama, in the hands of a Baltimore collection agency, the seller was bound to know that the collection agency would have to send the claim to Alabama to enforce its collection by suit, and hence, would be charged with knowledge or notice acquired by an attorney as sub-agent while acting in such authority; the seller then would be bound by the sub-agent's knowledge that defendant's check for the amount was expressly stated to be in full settlement for the entire claim.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by Schloss Bros. & Co., against the Gibson Dry Goods Company. From a judgment for defendant, plaintiffs appeal. Affirmed.

Plea 6 is as follows: "Further answering said complaint, defendant pleads and says that on, to-wit, February 7, 1911, defendant was indebted to plaintiffs by account and unliquidated demand, and as to which, and the amount due thereon by defendant to plaintiffs, there was on and prior to said date a controversy or dispute pending between defendant and plaintiffs, and which account or demand as claimed by plaintiffs, included the identical subject-matter of this suit. And defendant avers that on said date it mailed to W. R. Chapman, plaintiff's duly authorized attorney to collect said claim, New York exchange for, to-wit, $103.76, writing said attorney at the time, and inclosing the letter with said check, that the same was to settle the account in full up to date with Schloss Bros. & Co., the plaintiffs in this suit. And defendant avers that said attorney in due time received said letter and said check, and retained said check and collected the same in due course, and that plaintiffs have received the proceeds thereof, and the defendant avers that plaintiffs still retain the proceeds of said check after full knowledge of the way and manner said check was sent and received as in this plea set forth."

PACE & CHAPMAN, for appellant. It cannot be contended that the plea of payment had been established, for there was no proof that plaintiff had agreed to accept a return of the merchandise which was actually returned by plaintiff to defendant.—*Altman v. Gamble,* 88 Ala. 424; *Wharton v. King,* 69 Ala. 365. It appears that the attorney never had any communication with the plaintiff direct, but that the claim was received

from and the remittance made to a Baltimore collection agency, and hence, no knowledge was shown on the part of the plaintiff that the remittance was to be in full payment of the accounts.—*Ryall v. Pearson*, 166 Ala. 103.

C. D. CARMICHAEL, for appellee. The whole question depends on notice and knowledge to the principal to be imputed from the notice and knowledge of the agent or sub-agent. It seems to be clearly established by the authorities that under the facts in this case notice will be imputed to the plaintiffs, and if so, then the plea of payment is established.—*City Nat. Bank v. Jeffries*, 73 Ala. 183; *Wiley v. Knight*, 27 Ala. 336; *Mundine v. Pitts*, 14 Ala. 84; *Price v. Carney*, 75 Ala. 546; *Smythe v. Oliver*, 31 Ala. 39; *Goodbar v. Daniels*, 88 Ala. 583; *White v. King*, 53 Ala. 162; *Bank of Evergreen v. Robbins*, 167 Ala. 500.

PELHAM, J.—Suit was instituted by appellants against appellee claiming a balance due on account for goods, wares, and merchandise sold by the plaintiffs to the defendant. The plaintiffs made out a prima facie case on the trial in the court below, showing a sale and delivery of the goods in the due course of business. The defendant, however, among other special pleas on which issue was joined, filed a special plea numbered 6 (which the reporter will set out in the report of this case). The court gave the general charge for the defendant, and there is no controversy but that the allegations of the defendant's plea No. 6 were proven, except that appellants contend that there was a failure to prove the last paragraph of said plea, which was material, and that therefore the court was in error in giving the general charge for the defendant. The conten-

tion, then, is whether the plaintiffs are chargeable, under the proof made on the trial, with knowledge of the way and manner in which the check was sent by the defendant and received by the plaintiff's attorney.

The evidence showed that the plaintiffs had unconditionally sold and delivered to the defendant in the due course of business a bill of goods of considerable size, and that when the payments became due and the defendant (whose place of business was at Hartford, Ala.) found itself unable to pay for the same, it shipped the larger part of the goods back to the plaintiffs (whose place of business was in Baltimore, Md.), and demanded a credit for the goods returned at the invoice price. The plaintiffs refused to credit the defendant's account with the amount of the goods at the invoice price, but insisted upon deducting 25 per cent. from such price for damages, etc. The defendant refused to accept such a credit, and insisted upon the acceptance of the goods by the plaintiffs at the invoice price. Without this controversy having been settled, the plaintiffs accepted and sold the goods at a reduced price from the original price of about 25 per cent. and demanded payment of the balance due on the goods not returned, amounting to about $100, and 25 per cent. of the amount of the invoice price on the goods returned. The defendant offered to pay the balance due for the goods not returned, but positively and emphatically refused to pay anything on account of the goods returned; whereupon, after a correspondence between the parties, resulting in the status as stated, the plaintiffs placed a claim for both amounts claimed by them to be due in the hands of a collecting agency at Baltimore, Md., for the purpose of enforcing payment by suit. The collecting agency placed the claim in the hands of an attorney at Dothan, Ala. This attorney demanded payment, and the defendant

refused to pay anything except the amount due for the goods that were not returned. Subsequently the defendant sent the attorney the amount due for the goods retained by it, in a letter stating that the amount inclosed was to be accepted only in full settlement of plaintiffs entire account against him. It is not controverted that the attorney received this letter and sent the amount collected, through the collecting agency, to the plaintiffs, and that the plaintiffs retained it and have instituted this suit, through the same attorney, to recover the balance claimed by them to be due, being 25 per cent. of the invoice price of the goods returned.

It is well settled that notice or knowledge of an agent or attorney, acquired while acting within the scope or authority of the agency or employment, is notice or knowledge to the principal.—*Wiley, Banks & Co. v. Knight,* 27 Ala. 336, 346; *Goodbar et al. v. Daniel,* 88 Ala. 583, 7 South. 254, 16 Am. St. Rep. 76; *People's Bank of Evergreen v. Robbins,* 167 Ala. 497, 500, 52 South. 412.

While it is a general rule that an agent cannot delegate his authority or appoint a substitute, and the evidence in this case shows that the plaintiffs originally put the claim in the hands of a collecting agency, that sent it to the attorney, there are exceptions to this general rule; and where the employment and creation of agency is of such a nature as to carry with it the necessary implication that a sub-agent is to be employed in connection with the agency created, the principal is bound by the acts of such sub-agent while acting within the line of employment or scope or authority of agency, and is charged with notice or knowledge acquired by him while so acting. The authority of the agent is always construed to include all the necessary and usual means of executing it properly, and it follows by neces-

sary implication that, when one employs an agent under circumstances showing the necessity of the appointment of a sub-agent to carry into effect the transaction for which the agent was employed, the sub-agent would also be an agent of the principal.—31 Cyc. 1566; Story on Agency, § 201; Evans on Principal and Agent, c. 6, § 2; *East Haddam Bank v. Scovil*, 12 Conn. 303; *Aetna Ins. Co. v. Alton City Bank*, 25 Ill. 243, 79 Am. Dec. 328; *Stacy et al. v. Bank*, 12 Wis. 629; *Barclay v. Hopkins*, 59 Ga. 563; *Davis v. King*, 66 Conn. 465, 34 Atl. 107, 50 Am. St. Rep. 104.

At the time the plaintiffs put this claim in the hands of the collecting agency in Baltimore, the defendant had consistently, persistently, and emphatically, time and again, refused to pay or recognize the claim made by plaintiffs for the 25 per cent. deduction off of the invoice price of the goods returned, and the plaintiffs prepared their claim for suit, as shown by their own testimony, that was put in the hands of the collecting agency, and directed that suit be entered. The plaintiffs were bound to know that the Baltimore collection agency, in whose hands they put the claim, must send it to an attorney practicing in Alabama to enforce collection by suit, and they would then be charged with notice or knowledge acquired by this sub-agent, the attorney, while acting within the authority thus conferred. There can be no question but that the attorney was acting within the scope of his employment and authority as such sub-agent and attorney when he received the check with knowledge of the way and manner of payment, and if so the plaintiffs, the principals, were also charged with such notice, and the allegation of the defendant's plea No. 6 was proven without conflict in the evidence.

[Standard Oil Company v. Weeks.]

We are not so sure but that, when the plaintiffs accepted and appropriated the returned goods to their own use, under the circumstances shown here, the defendant would be entitled to the general charge on other pleas, as shown by the record, which seem to have been in short, as if by consent; but, however that may be, the general charge for the defendant was properly given under the issues tendered by the sixth plea.

Affirmed.