(103 So. 462)
**S. G. HOLLAND STAVE CO. et al. v. MASSEY. (8 Div. 680.)**

(Supreme Court of Alabama. March 19, 1925.)

Brokers ☞37—Buyer held not accountable to seller as his agent, in absence of evidence showing such relationship.

In an action on the common count for money had and received by defendant to plaintiff's use, on the theory that defendant purchasing plaintiff's property as an individual and reselling it at a profit was in fact plaintiff's agent and under duty to inform plaintiff as to the terms of the resale, there could be no recovery, where the evidence showed no relationship as principal and agent between plaintiff and defendant.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Action by the S. G. Holland Stave Company and others against H. S. Massey. Judgment for defendant, and plaintiffs appeal. Affirmed.

The complaint declares on a common count for money had and received by the defendant for the use of the plaintiffs. The essential facts upon which a recovery is sought are as follows:

The plaintiffs, residents of Nashville, Tenn., owned a tract of timber land in Colbert county Ala. W. A. Orman was a real estate agent, residing at Russellville, Ala. The defendant, H. S. Massey, was a real estate agent, residing at Iuka, Miss. Defendant knew that the Marshall Tie Company of Kentucky was in the market to buy timber lands, and Massey induced Orman to go to Nashville and secure from plaintiffs an offer of the sale of their tract. After some negotiations plaintiffs agreed to take $85,000 and authorized Orman to close a sale at that price—Orman to receive $2,000 for his services in that behalf. Massey had arranged to sell the land to the Marshall Tie Company for $95,000, the difference of $10,000 to be Massey's profit in the transaction.

The deal was executed in the presence of Orman, Massey, and a representative of the

selling and of the purchasing companies, and the purchase money was paid in two payments to Orman, as agent for the sellers. Out of the first payment Orman put aside $10,000, which he afterwards paid over to Massey, less $300, which Massey agreed to pay him, after the deal was executed, as a gratuity, in consideration of the extra expenses and trouble undergone by Orman.

Plaintiffs received in full the price for which they agreed to sell the land, and paid Orman his stipulated commission. They did not know Massey in the transaction, and neither they nor Orman knew who the actual purchaser was until the closing of the deal.

The trial judge gave for defendant the general affirmative charge with hypothesis, and there was a verdict for defendant and judgment accordingly.

William L. Chenault, of Russellville, for appellants.

A subagent stands in a fiduciary relation to the principal. 2 L. R. A. Dig. (N. S.) 2280; Schloss Co. v. Gibson Co., 6 Ala. App. 155, 60 So. 436.

Travis Williams, of Russellville, for appellee.

Counsel discuss the questions raised, but without citing authorities.

SOMERVILLE, J.  The only theory upon which plaintiffs could recover on the common count for money had and received by defendant to their use is that defendant, Massey, was the agent of plaintiff, standing to them in such a relation of trust and confidence in procuring a sale of their land as to impose upon him the duty of informing them as to the terms of the sale he arranged with the Marshall Tie Company, and of the profit he was to make, and forbidding him to secretly make and receive any profit for himself.  In support of this theory it is suggested that defendant was a subagent of plaintiff's chief agent, Orman, who had implied authority to employ and use him in effecting a sale; that defendant was so employed; and that therefore he was in legal effect an agent of plaintiffs, and bound by the duties and limitations placed by law upon such an agent—citing Schloss v. Gibson, etc., Co., 6 Ala. App. 155, 60 So. 436.

We have examined the evidence with due care, and we fail to find anything that tends to support the theory stated.

The evidence shows conclusively that defendant's only relation with Orman was that of an independent buyer; that Orman's only requested function was to procure an offer from plaintiffs to sell the land to defendant or to some unknown customer of his; that defendant was acting independently for himself from the beginning, or, if he could

have been regarded as an agent at all, it could only have been as agent for the ultimate purchaser in a strictly limited and nonfiduciary sense; that defendant was in no sense acting as an agent for plaintiffs, either directly or as a subagent of Orman's; and that he owed no duty whatever to plaintiffs.

Plaintiffs received the price they fixed, and Orman was their agent to close the transaction at that price. · If defendant could make $10,000 out of the purchaser, it was no concern of plaintiffs', and it was immaterial how the purchase money was paid.

The fact that this $10,000 was passed through the hands of their agent, Orman, gave them no claim to it, legal or equitable, and there is nothing to support their claim that that money belongs to them.

If all the rulings on the evidence had been favorable to plaintiffs it would not have strengthened their case, and the general affirmative charge for defendant must still have been given as requested.

It results that the trial court did not err, and the judgment for defendant must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.