(124 So. 413)

COMMERCIAL CASUALTY INS. CO. v. IS-
BELL NAT. BANK.   (7 Div. 886.)

Supreme Court of Alabama.   Oct. 31, 1929.

Harrison & Stringer, of Talladega, for appellee.

Merrill & Jones, of Anniston, for appellant.

SAYRE, J. We consider the case presented by the record. That case will sufficiently appear on reference to the complaint containing common counts and counts in special assumpsit, plea 11, and replication 4. The plea, to state its effect very briefly, is that the defendant bank came into possession of the money sued for, or checks representing that money, by the indorsement of one Gillam, who had received the checks in virtue of his employment by one Miller, who, in turn, represented the East Side Packing Company for the sale of its products in a specified territory. Miller had authority to deposit collections with the Anniston National Bank. Gillam deposited checks received by him from purchasers of East Side Packing Company's products with the Isbell Bank indorsing such checks as follows: "East Side Packing Company," "For deposit, The Isbell National Bank, Gillam Brokerage Company." Gillam was Gillam Brokerage Company. Plaintiff, as assignee of the East Side Packing Company, sues the Isbell Bank to recover money so deposited. Defendant does not deny its continued possession of the money. On the facts appearing in the pleading, the money belongs to plaintiff and no reason appears why plaintiff should not recover. The principle of Allen v. M. Mendelsohn & Son, 207 Ala. 527, 93 So. 416, 31 A. L. R. 1063, con-

trols the result. We do not intend to charge the depositor with fraud or forgery. That in this case, as thus far shown by the pleadings, is immaterial. The controlling facts are that the money deposited was the money of plaintiff's assignor, and, for aught appearing, is still in the keeping of defendant. We ought not to state conclusions in a hypothetical case, a case in which the depositor had been allowed to withdraw the fund without actual notice of plaintiff's ownership and of the depositor's alleged lack of authority, but with only such notice, if any, as would be imputed by law to the bank by the facts alleged in plaintiff's replication.

The judgment should be reversed, for the reason that, as against plaintiff or its assignor, defendant has shown no right to retain the money.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and FOSTER, JJ., concur.