(134 So. 810)

### COMMERCIAL CASUALTY INS. CO. v. ISBELL NAT. BANK.

### 7 Div. 985.

Supreme Court of Alabama.
May 14, 1931.

50

Merrill, Jones & Whiteside, of Anniston, for appellant.

Harrison & Stringer, of Talladega, for appellee.

**BROWN, J.**

In the case presented on the former appeal it appeared that the money, the proceeds of the check, was at the commencement of the suit in the hands of the defendant bank, and on the case made by the pleadings, consisting of the common counts, special count in assumpsit, plea 11 and replication 4 thereto, it was held that "no reason appears why plaintiff should not recover." Commercial Casualty Insurance Co. v. Isbell National Bank, 220 Ala. 179, 124 So. 413, 415.

Along with other facts, it was alleged in the special count "that at the time the said W. S. Gillam received said checks he was acting for the East Side Packing Company under a contract between said Gillam and D. K. Miller, dated June 19th, 1922, a copy of which contract is hereto attached and marked 'Exhibit A,' and at the time of the execution of said contract with Gillam, and at the time said checks were received by said Gillam the said Miller was acting under a contract with the East Side Packing Company, a copy of which is hereto attached and marked 'Exhibit B,' which said exhibits are made a part of this complaint; that said checks were delivered to the said Gillam as payment on account due the East Side Packing Company by the drawers of said checks."

It was further alleged in said count that Gillam, using his trade-name, "Gillam Brokerage Company," indorsed said checks "East Side Packing Company for deposit, The Isbell National Bank," and the bank collected the money from the drawees, and retained it in its possession.

The legal effect of these averments, as the court held, was that the money so in the bank's possession was the money of the payee, the East Side Packing Company, constituting a liability purely ex contractu, which had been assigned or transferred by the owner of the contract obligation to the plaintiff. There was nothing in this situation that in any way impinged the rule against champerty, which prevents the assignment of a cause of action arising ex delicto. 5 C. J. 885, §§ 50, 51. The rule is stated in the following cases: Foy v. Cochran, 88 Ala. 353, 6 So. 685; Alabama State Bank v. Barnes, 82 Ala. 607, 2 So. 349; Dunklin v. Wilkins, 5 Ala. 199; Prouty v. Alabama Great Southern Railway Co., 174 Ala. 404, 56 So. 980; Sylacauga Lodge, No. 200, F. & A. M., v. McGhee, 17 Ala. App. 52, 81 So. 689.

After the remandment of the case, and on the last trial, the plaintiff amended its complaint by withdrawing the special assumpsit count and adding counts 6, 7, and 8, which appear in the reporter's statement. And after plaintiff's demurrers to the defendant's special pleas D, E, F, and G were overruled, the plaintiff again amended its complaint by withdrawing the common counts, including the count for money had and received, leaving in the complaint counts 6, 7, and 8.

The plaintiff then filed replications to the defendant's special pleas, and, demurrers to these being sustained, it took a voluntary nonsuit.

Whatever may be said of special counts 6, 7, and 8, the basis of plaintiff's case on this record, it seems they were treated by the trial court as special counts for money had and received, and will be so treated here.

Coming to the sufficiency of the pleas as a defense to the case made by these counts, it appears from the "Memorandum of Agreement," made Exhibit B, to counts 6, 7, and 8, that D. K. Miller was the general agent of the East Side Packing Company to receive, store, deliver, collect, and account for, in its name, all products consigned to and disposed of by him or others for him and by his authority, on a commission basis of $1 per hundred weight on all products except dry salt meats and lard, on which he was to receive 75 cents per hundred weight. He had authority to receive payments for goods disposed of and make deposits thereof for and in the name of said packing company in Anniston National Bank, sending copy of all such deposits to said packing company, showing from whom collections were made.

By "Memorandum of Agreement," Exhibit A, said Miller employed said Gillam to offer and sell such packing house products as said Miller might desire to offer through Gillam to dealers in certain of Miller's territory, Gillam to mail orders direct to the packing house as directed by Miller, and shipments were then made direct to customers, carbon copies of which were mailed daily to Miller. Gillam was authorized by Miller to "*collect the amounts and render party of the second part [Miller] a statement of such collections, with the checks attached each day, itemizing individuals from whom collections were made.*" (Italics supplied.)

The pleas, in substance and legal effect, aver that, in lieu of making collections and reports as specified in the above italicized stipulation, said Gillam, who in carrying out said contract had adopted the trade-name "Gillam Brokerage Company," received from customers their checks, payable to the East Side Packing Company, in payment of accounts, indorsed the name of said packing company on said checks with a rubber stamp for deposit in the defendant bank, to the credit of the Gillam Brokerage Company, and then issued a check in the name of the Gillam Brokerage Company payable to said East Side Packing Company, and forwarded the same with report and itemized statement to said packing company who deposited said checks of Gillam Brokerage Company; that said course of dealings continued between defendant bank, said Gillam Brokerage Company, and said East Side Packing Company for a term of three years or more, involving many transactions and many thousands of dollars, without objection on the part of said packing company, leading defendant to believe and act on the belief that said Gillam had authority to indorse said checks received from customers in payment of said accounts. That all moneys received by the defendant were in due course paid out on the checks of Gillam Brokerage Company, and, at the time of the alleged transfer of the right of action to plaintiff, the defendant had no money in its possession belonging to the said East Side Packing Company or to said Gillam or to Gillam Brokerage Company. That defendant did not have knowledge or notice that the indorsement of said checks by said Gillam was not authorized by said packing company, the payee thereof, and no complaint or objection was made to said course of dealings, until checks issued by said Gillam Brokerage Company to said East Side Packing Company were refused payment because said Gillam Brokerage Company had no funds to its credit.

In these circumstances one of the parties, unless they can recover from Gillam, must suffer the loss. The plaintiff as the assignee of the East Side Packing Company stands in its shoes, and it is clear, if the facts pleaded are true, and they must be so treated on this appeal, that it would be unjust to allow said packing company, who acquiesced in the course of dealings by Gillam, or its assignee, to now dispute the authority of said Gillam to indorse for the packing company, and we hold that they are estopped so to do. Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 So. 517; Brooks v. Greil Bros. Co., 179 Ala. 459, 60 So. 387; H. C. & W. B. Reynolds Co. v. Reynolds et al., 190 Ala. 468, 67 So. 293; Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 124 N. W. 236, 240, 50 L. R. A. (N. S.) 74; Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 62, 68 So. 363.

The demurrers to the special pleas were properly overruled.

As before stated, Miller was the general agent of the East Side Packing Company, whose duty it was to collect from its customers and deposit the money to its credit in the Anniston National Bank.

The replications aver that said checks, during the course of dealings alleged in the pleas, were sent to and indorsed by him. Notice to or knowledge by Miller of the course of dealings was notice or knowledge to his principal, the East Side Packing Company. Sanders v. Gernert Bros. Lumber Co., 221 Ala. 469, 129 So. 46; Hall & Brown Woodworking Mach. Co. v. Haley Furn. & Mfg. Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924; People's Bank of Evergreen v. Robbins, 167 Ala. 497, 52 So. 412.

The replications which confess the averments of the pleas do not allege facts in avoidance of the estoppel, and the demurrers to the replications were well sustained. Highland Ave. & Belt R. Co. v. South, 112 Ala. 642, 20 So. 1003; Louisville & N. R. Co. v. Mothershed, Adm'r, 110 Ala. 143, 20 So. 67; Adams v. Thomas, 54 Ala. 175.

The record and proceedings of the circuit court are free from error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.