158 So. 757

**PROVIDENT LIFE & ACCIDENT INS. CO. v. HUDGENS.**

**6 Div. 594.**

Supreme Court of Alabama.
Jan. 17, 1935.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

554

Wm. S. Pritchard and Jas. W. Aird, both of Birmingham, for appellant.

Jim Gibson, of Birmingham, for appellee.

THOMAS, Justice.

The question of moment presented by the appeal is the overruling of demurrer to plaintiff's—appellee's—replication No. 4.

The defendant, by pleas 3 and 4, set up the provision of the policy sued upon, "17. If the insured shall carry with another company, corporation, association or society other insurance covering the same loss without giving written notice to the Company, then in that case the Company shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss and for the return of such part of the premium paid as shall exceed the pro rata for the indemnity thus determined"; and averred that plaintiff carried with other insurance companies policies covering the same loss for which suit was brought without having given written notice to the defendant of such other insurance. In reply to such defense, plaintiff sought to invoke estoppel.

■ It is established that where a person is silent, when in good conscience common honesty requires him to speak and declare that the material fact was to the contrary, and allows the adverse party to be injuriously affected, it amounts to an estoppel in pais that arises to hold harmless or make whole the person in whose favor it arises. Lindsay v. Cooper, 94 Ala. 170, 11 So. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105; Stuart v. Strickland et al., 203 Ala. 502, 83 So. 600; Ivy v. Hood, 202 Ala. 121, 79 So. 587; Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 So. 517; 48 L. R. A. (N. S.) 747 note; 21 C. J. 1060, 1067. That is to say, "if there is an estoppel in this case, it is what is known in the law as estoppel in pais; or, perhaps, in accurate phrase, as applied to this case, 'estoppel by misrepresentation and negligence.' The general rule in such cases is stated as follows: 'Where a man, by his words or conduct, willfully or by

negligence causes another to believe in the existence of a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from denying the existence of that state of facts.' Rap. & L. Law Dict. Estoppels of this class are usually disabling, and are invoked to preclude some defense set up." Sullivan et al., Ex'rs, v. Conway, 81 Ala. 153, 154, 1 So. 647, 648, 60 Am. Rep. 142. This announcement, by Mr. Chief Justice Stone, has been applied in later cases: Mobile, J. & K. C. R. R. Co. v. Bay Shore Lumber Co., 158 Ala. 622, 48 So. 377; Gable v. Kinney et al., 219 Ala. 150, 152, 121 So. 511; McFry v. Stewart, 219 Ala. 216, 121 So. 517; Commercial Casualty Ins. Co. v. Isbell Nat. Bank, 223 Ala. 48, 134 So. 810; Michie et al. v. Bradshaw et al., 227 Ala. 302, 149 So. 809.

■ It is further declared that the law of waiver and estoppel with respect to insurers cannot be abolished by contract (Newriter v. Life & Casualty Ins. Co. of Tenn. [Ex parte Life & Casualty Ins. Co. of Tenn.] [Ala. Sup.] 157 So. 73;[1] American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 213, 142 So. 37; 21 C. J. 1061, 1115; 10 R. C. L., pp. 689, 693), and that waiver may be founded upon an estoppel, but not necessarily so. (American Ins. Co. v. Millican, 228 Ala. 357, 360, 153 So. 454; Alabama State Mutual Assurance Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 26 So. 655). The authorities are collected in many cases on the right of waiver of concurrent insurance. American Fire Insurance Co. v. King Lumber & Manufacturing Co., 250 U. S. 2, 39 S. Ct. 431, 63 L. Ed. 810; Belt Automobile Indemnity Ass'n v. Ensley Transfer & Supply Co., 211 Ala. 84, 99 So. 787; Alabama State Mutual Assurance Co. v. Long Clothing & Shoe Co., supra; Globe & Rutgers Fire Ins. Co. v. Jones, 213 Ala. 656, 106 So. 172; New York Life Ins. Co. v. McJunkin, 227 Ala. 228, 149 So. 663. There is a well recognized distinction between a waiver and estoppel in pais. 27 R. C. L. 905; Mobile Towing & Wrecking Co. v. Hartwell, 208 Ala. 420, 95 So. 191. The case of Caledonian Ins. Co. v. Jones, 214 Ala. 520, 108 So. 331, was that of waiver, and not estoppel.

■ The replication asserted that subsequent to the issuance of the policy sued on, the assurer-appellant, by its agent representing it in the line and scope of his authority, asserted and assented that insured might take concurrent or additional insurance, though conditioned against in the policy sued upon.

[1] Ante, p. 359.

And it is held that no other consideration than that on which the original contract rests is needed to support the subsequent agreement or assent to and for additional insurance. American Fire Insurance Co. v. King Lumber & Manufacturing Co.; American Equitable Assur. Co. v. Powderly Coal & Lumber Co.; Newriter v. Life & Casualty Ins. Co. of Tenn. (Ex parte Life & Casualty Ins. Co. of Tenn.), supra.

■ There was no reversible error committed in overruling appellant's demurrer to replication No. 4. The evidence offered respectively on the issues of fact raised under the pleas, and the replication thereto, presented a conflict and the question of fact was for the jury.

■ There was no error in refusing general affirmative instructions requested by defendant on this phase of the evidence. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

■ Upon the failure to produce, after a proper predicate had been laid, and motion to produce given for the production of the letter from assured to assurer—as to the policy in question and notice as to insurance—there was no error in offering secondary evidence of the contents (Sherrill v. Merchants' & Mechanics' T. & S. Bank, 195 Ala. 175, 70 So. 723; Baer & Co. v. Mobile Cooperage & Box Mfg. Co., 159 Ala. 491, 49 So. 92); as that of notice given of the letter to defendant acquainting it of other insurance, it being shown that the letter was properly addressed and posted (Holmes v. Bloch, 196 Ala. 322, 71 So. 670; W. T. Rawleigh Co. v. Deavours et al., 209 Ala. 127, 95 So. 459).

■ Appellant's counsel caused appellee to testify, on cross-examination, that at one time he had a ticket policy in the Travelers which he never read or regarded as a policy, and there was no error in allowing appellee's counsel, on redirect examination, to ask the witness if it were for a term of years, or months, "or just what kind of policy it was."

■ Charge No. 11, refused to defendant, was without error, for that it pretermits the presence, silence, and act of assent by its vice president, Webb, who had executive authority, when assured was informed that he might or should take other insurance.

There was no error in denying the motion for a new trial on the evidence within the rule of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; Southern Railway Co. v. Montgomery, Adm'x, ante, p. 456, 157 So. 854.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.